# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Application of MIKHAIL B. KHODORKOVSKY and PLATON L. LEBEDEV for an Order Seeking Discovery Under 28 U.S.C. § 1782 | CASE NO. 09-CV-2185(DMS)<br><br>ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER |

WHEREAS, Applicants Mikhail B. Khodorkovsky and Platon L. Lebedev and Respondent Douglas R. Miller (collectively, the "Parties") have mutually agreed that it would serve their respective interests to conduct discovery under a protective order pursuant to Federal Rules of Civil Procedure Rule 26(c);

IT IS HEREBY ORDERED that:

1. This Protective Order shall apply to all information, documents, testimony, and things subject to discovery in this Action ("Discovery Material"), including, without limitation, testimony adduced at deposition, documents produced, and all other discovery taken pursuant to the Federal Rules of Civil procedure and the Local Rules.

2. As used herein:

(a) The term "Party" shall mean Applicants Mikhail B. Khodorkovsky and Platon L. Lebedev, Respondent Douglas R. Miller, and their respective counsel in the Actions, as defined below.

(b) The term "Actions" shall mean Applicants' action under 28 U.S.C. § 1782 and the current ongoing criminal trial against Mikhail B. Khodorkovsky and Platon L. Lebedev (Case # No. 18/432766-07) and any current criminal or civil charges brought against them by the Russian General Prosecutor's Office and/or its affiliates, as well as any domestic or international appeals from or collateral attacks on these cases.

(c) The term "Confidential Information" shall mean and include any information, document, deposition testimony, or other information provided in discovery in this Action, which the producing Party designated as confidential.

3. The designation of Discovery Material shall be made in the following manner:

Discovery Material designated "Confidential Information" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page.

4.     Inadvertent production of or failure to designate any information as Confidential shall not be deemed a waiver of the producing Party's claim of confidentiality as to such information, and the producing Party may thereafter designate such information as Confidential.

5.     Inadvertent production of any document produced by a Party that a Party later claims should have been withheld on grounds of a privilege, including the work product doctrine, will not be deemed to waive any privilege or work product protection.  A Party may request the return of any documents that it inadvertently produced by identifying the inadvertently produced privileged document and stating the basis for withholding such document from production, within ten business days of discovery of the inadvertent production.

6.     Deposition testimony and transcripts and video recordings of depositions in this Action shall be treated as Confidential for a period of 40 days after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent to notify all parties of any Confidential Information.  Such Confidential Information shall be designated by page and line number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order.

7.     If Confidential Information is disclosed other than as authorized in this Order, the Party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing Party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure not authorized by the Order.

8. The protections conferred by this Order cover not only Discovery Material but also any information copied or extracted therefrom, copies, excerpts, analyses, summaries, or compilations thereof, as well as testimony and oral conversation between the parties.

9. The Parties shall use such Discovery Material only for purposes of the Actions .

10. Access to Confidential Information is restricted to the following persons:

(a) Counsel (including local and trial counsel) retained by a Party (or the former employer of Douglas R. Miller, ZAO PricewaterhouseCoopers Audit)  or appearing in the Actions, including attorneys, experts, consultants, paralegal assistants, administrative, translators and clerical employees working under direct supervision of such attorneys;

(b) This Court, its personnel, and any court reporters involved in taking or transcribing testimony in this Action; and

(c) The Khamovnichesky District Court of the city of Moscow or any other Court with jurisdiction to hear or review the Actions.

11. The Parties may not disclose Discovery Material or any information copied or extracted from the Discovery Material, included but not limited to, copies, excerpts, analyses, summaries, or compilations of Discovery Material, as well as testimony and oral conversation derived from and related to Discovery Material, to any persons other that the persons listed in paragraph 10.

12. Counsel for the Parties receiving information governed by this Protective Order shall exercise best efforts to ensure that the information and documents governed by this Protective Order are used only for the purposes specified herein, and disclosed only to the persons listed in paragraph 10.

13. All copies of Confidential Information produced under this Order shall be subject to the same restrictions as imposed on the original information.

14. Nothing in this Order shall limit the producing Party's use of its own documents and information, nor shall it prevent the producing Party from disclosing its own confidential information, documents, or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order.

15. If any Party has obtained Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential Information, such party shall notify the producing Party no later than seven days following receipt of the subpoena (but in no event later than seven days prior to compliance with the subpoena), including in such notice the date set for the production of such subpoenaed information, so that the producing Party may file a motion for a protective order or to an order to quash the subpoena. In the event the producing Party files such a motion, the subpoenaed Party shall not produce any Confidential Information in response to the subpoena without the prior written consent of the producing Party unless in response to an order of a court of competent jurisdiction. The Parties will not object to the producing Party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

16. Nothing in this Protective Order is intended to restrict use of the discovery materials in the Actions, and said use shall include placements in a open and public court record. Accordingly, discovery materials introduced in one or more Actions may, without breach of this Order, become a matter of public record under the rules and practices applicable to the jurisdiction where the Action is conducted.

17. No modification or amendment of this Protective Order is permitted except by a writing signed for the Parties and approved by the Court. The Parties agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

**IT IS SO ORDERED.**

February 25, 2010



HON. DANA M. SABRAW
UNITED STATES DISTRICT JUDGE